## Chesapeake & Ohio Railway Company v. Bradford.

(Decided January 21, 1930.)

444

BROWNNG & REED for appellanat.

WAUGH & HOWERTON and ALLEN D. COLE for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

The facts in this case are the same as the facts detailed in the opinion in the case of Chesapeake & Ohio Railway Co. et al. v. E. C. Warnock's Administratrix et al. (Ky.) 23 S. W. (2d) ——, decided January 14, 1930. The appeals were considered on the same bill of evidence. The law as announced in that case is controlling on this appeal, except that the contributory negligence, if any, of Wright, the driver of the automobile, may not be imputed to the appellee, Bradford. The verdict in this case was for $2,750.

As was pointed out in the Warnock case the first instruction made it the duty of the railroad company acting by its agents, servants, or employees in charge or control of its locomotive engine in question, or its ways or tracks at said crossing, to give, or cause to be given, reasonable notice, or warning, of the approach of the engine to the crossing. As was pointed out in the Warnock case the requirement that the agents, servants, or employees in charge of or control of the ways or tracks of the crossing should keep a lookout and give signals was erroneous. While the court directed the elimination of that part of the instruction on another trial, yet it is stated in the opinion that the error was probably not prejudicial, in view of the directions in the instruction as to the character of warnings that should be given. But the jury may have reached the conclusion from the instruction as written that it was the duty of those in charge of the tracks, or ways, to perform duties not performed by those in charge of the train. The jury may have concluded that it was the duty of those in control, or in charge, of the tracks and ways to see that the electric bell was kept in condition when there was no pleading to authorize such an instruction, as the pleading in which it was alleged that the bell was defective had been withdrawn prior to the trial. It is also urged by counsel for appellant that if the evidence disclosed that the crossing was more than ordinarily dangerous, the court should have instructed the jury that it was the duty of

the driver of the car and Warnock to exercise increased care commensurate to such danger, and we held in the Warnock case that such an instruction was proper.

For the reasons indicated, the judgment is reversed, and cause remanded for proceedings consistent with this opinion.